UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LONNIE L. GRIFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-1024 |
| | ) | |
| RICARDO RIOS, *Warden, Federal Correctional Institution,* | ) ) ) | |
| Respondent. | | |

# O P I N I O N  &  O R D E R

Before the Court is Petitioner Lonnie L. Griffin's Application for Writ of Habeas Corpus Under 28 U.S.C. §2241 (Doc. 1), filed on January 25, 2011. In 1992, Petitioner was tried and convicted on all eight counts of a federal indictment in the United States District Court for the Eastern District of Michigan and sentenced to life imprisonment. (Doc. 1 at 2-3). His appeal was denied in all respects. (Doc. 1 at 3).

In June of 1992, Petitioner filed his first of several Motions to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255. In this § 2255 Petition, Petitioner claimed, *inter alia*, that his trial counsel provided ineffective assistance because he had failed to conduct the necessary pre-trial discovery. (Doc. 1 at 6). The district court denied Petitioner's claim, finding that due to a standing order for discovery and inspection that existed in the Eastern District of Michigan at the time, all discoverable information was turned over to Petitioner's counsel despite his filing of a formal motion. (Doc. 1 at 7).

On January 23, 2008, after filing several additional §2255 petitions or requests for authorization,[1] Petitioner filed a Freedom of Information Act ("FOIA") request, seeking information on the government's principal witness against him. According to Petitioner, upon a review of the "Vaughn Index" provided to him as part of the resulting FOIA litigation, he discovered evidence showing that the government attorney made misrepresentations to the district court in response to his original § 2255 Petition concerning whether the United States had actually fulfilled its discovery obligations prior to Petitioner's trial. Accordingly, Petitioner now applies for writ of habeas corpus pursuant to § 2241, in order to "review the integrity, *i.e.*, the non-merits aspect of the [original] § 2255 for effectiveness."

In bringing his § 2241 Application, Petitioner relies on 28 U.S.C. § 2255(e). That provision states that a court shall not entertain a § 2241 application unless § 2255 "is inadequate or ineffective to test the legality of his detention." Petitioner argues that here, his original § 2255 proceeding was ineffective due to the fact that the government's attorney made fraudulent misrepresentations. (Doc. 1 at 11). He also argues that the district court failed to follow the procedures established by § 2255 in failing to afford an evidentiary hearing, and that the procedures afforded by § 2255 with regards to evidentiary hearings are at odds with the writ of habeas corpus. (Doc. 1 at 11-12).

---

[1] Petitioner filed his second §2255 Petition in November of 1994, claiming that his trial was held in violation of the Double Jeopardy Clause. (Doc. 1 at 4). In January of 1997, Petitioner petitioned the Sixth Circuit for authorization to file a second or successive § 2255 motion, and had his petition denied. In September of 1997, Petitioner filed another petition with the Sixth Circuit, and filed a successive § 2255 motion with the district court, which was denied on April 30, 1999. (Doc. 1 at 4).

Petitioner's arguments are unavailing. The Seventh Circuit has explicitly held that "§ 2255 is inadequate or ineffective only when a prisoner is unable to present a claim of actual innocence." *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when . . . *the claim being foreclosed is one of actual innocence.*" (emphasis added)). Here, Petitioner is not alleging a claim of actual innocence, he is only alleging that the original § 2255 proceeding did not properly determine his claim for ineffective assistance of counsel. As such, he cannot invoke § 2255(e), and this Court does not have jurisdiction to entertain Petitioner's § 2241 Application.

## CONCLUSION

For the foregoing reasons, Petitioner's Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED for lack of jurisdiction. IT IS SO ORDERED. CASE TERMINATED.

Entered this 3rd day of February, 2011.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge